

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-3656

Re: Mileage fees of sheriff
under the facts set
forth.

Your recent request for an opinion of this Department
on the question stated herein has been received.

We quote from your letter as follows:

"I enclose herewith copy of my opinion to
Hon. W. C. Anderson, Sheriff, which is self-
explanatory.

"I would thank you to advise me if I have
correctly advised the Sheriff, and particularly
with respect to his mileage as mentioned in the
fifth paragraph on page one of my letter."

Your letter opinion, bearing date of May 16, 1941, ad-
dressed to Honorable W. C. Anderson, Sheriff of Hall County,
reads as follows:

"You have requested my opinion as to your
rights in case of out of county arrests in both
misdemeanor and felony prosecutions pending in this
county.

"In case of a felony prosecution pending in
this county you are advised that you have a right
to arrest the offender in any county of this State

Hon. H. D. Stringer, page 2

unless the warrant is issued by a county commissioner, commissioners' court, mayor or recorder of an incorporated town. In event of the latter the provisions of Art. 224, C. C. P. should be complied with.

"When an arrest is made out of this county in a felony case it is your duty to bring the offender before a magistrate of this county. The offender is not entitled to make bail in the county of his arrest in such case.

"In case of a misdemeanor prosecution pending in this county you are advised that you have a right to arrest the offender in any county of this State unless the warrant is issued by a county commissioner, commissioners' court, mayor or recorder of an incorporated town. In event of the latter the provisions of Art. 224, C. C. P. should be complied with.

"When an arrest is made out of this county in a misdemeanor case it is your duty to take the offender before a magistrate of the county where you make the arrest. If the offender can make bail he should then be released. And in this situation you would be entitled to your mileage for going to the place of arrest, fee for arrest and fee for release, but you would not be entitled to your mileage for the return trip.

"If the offender should not be able to make bail as outlined above you should return him to the jail of this county, and in which event you would be entitled to mileage both going and coming, in addition to your other fees.

"You are further advised that it is not necessary that the arrest be made by an officer of the county where the offender is located. Under the applicable provisions of Art. 223, C. C. P. you have authority to make an arrest anywhere in Texas."

Article 56, Vernon's Annotated Code of Criminal Procedure, provides:

Hon. E. D. Stringer, page 3

> "The following are 'peace officers:' the
> sheriff and his deputies, constable, the marshal
> or policemen of an incorporated town or city,
> the officers, non-commissioned officers and privates
> of the State ranger force, and any private person
> specially appointed to execute criminal process."

Article 223, Vernon's Annotated Code of Criminal Proce-
dure, reads as follows:

> "A warrant of arrest, issued by any county or
> district clerk, or by any magistrate (except county
> commissioners or commissioners courts, mayors or
> recorders of an incorporated city or town), shall
> extend to any part of the State; and any peace
> officer to whom said warrant is directed, or into
> whose hands the same has been transferred, shall
> be authorized to execute the same in any county in
> this State."

It is clear, therefore, that a sheriff being a peace officer
as that term is defined in Article 36, supra, may execute a
warrant of arrest in any county in Texas. It was held in the
case of Henson vs. State, 49 S. W. (2d) 465, that Article 223,
supra, does not extend the right of a peace officer to make an
arrest outside of his county in the absence of a warrant, and
that an arrest made without a warrant is void.

Article 224, Vernon's Annotated Code of Criminal Procedure,
provides:

> "When a warrant of arrest is issued by any
> county commissioner or commissioners court, mayor
> or recorder of an incorporated city or town, it can
> not be executed in another county than the one in
> which it issues, except:

> "1. It be indorsed by a judge of a court of
> record, in which case it may be executed anywhere
> in the State, or

> "2. If it be indorsed by any magistrate in
> the county in which the accused is found, it may be
> executed in such county. The indorsement may be:

'Let this warrant be executed in the county of
...............'  Or, if the indorsement is made by
a judge of a court of record, then the indorsement
may be: 'Let this warrant be executed in any
county of the State of Texas.'  Any other words of
the same meaning will be sufficient.  The indorse-
ment shall be dated, and signed officially by the
magistrate making it."

Article 1065, Vernon's Annotated Code of Criminal Proce-
dure, reads in part as follows:

"The following fees shall be allowed the
sheriff, or other peace officer performing the
same services in misdemeanor cases, to be taxed
against the defendant on conviction:

" . . .

"11.  For each mile he may be compelled to
travel in executing criminal process and summoning
or attaching witness, seven and one-half cents.  For
traveling in the service of process not otherwise
provided for, the sum of seven and one-half cents
for each mile going and returning.  If two or more
persons are mentioned in the same writ, or two or
more writs in the same case, he shall charge only
for the distance actually and necessarily traveled
in the same."

Article 235, Vernon's Annotated Code of Criminal Procedure,
provides:

"One arrested for a misdemeanor shall be taken
before a magistrate of the county where the arrest
takes place who shall take bail and transmit
immediately the bond so taken to the court having
jurisdiction of the offense."

Article 234, Vernon's Annotated Code of Criminal Procedure,
provides:

"One arrested in one county for felony com-
mitted in another shall in all cases be taken
before some magistrate of the county where it was
alleged the offense was committed."

Hon. H. D. Stringer, page 5


After carefully considering the above mentioned statutes in connection with the statements made in your letter opinion quoted above, we agree with all the conclusions stated therein except the statement in the fifth paragraph relative to the mileage the sheriff would be entitled to receive when the party charged with the misdemeanor offense is arrested in another county and taken before a magistrate of that county where he makes bail. You state that the sheriff would not be entitled to mileage for the return trip. It is our opinion that under Section 11 of Article 1066, supra, the sheriff would be entitled to the same mileage necessarily and actually traveled on his return trip as he would be in going to the place of arrest.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUN 9, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:N

